United States District Court
Southern District of Texas

**ENTERED**

June 24, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILBER BISMARK OPORTA CHAVARRIA, | § § | CIVIL ACTION NUMBER 4:26-cv-04133 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Wilber Bismark Oporta Chavarria filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 26, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) an order of supervised release under 8 USC §1231(a)(3), (ii) a prior grant of work authorization pursuant to 8 CFR §274a.12(c)(18), (iii) an administrative stay of removal by the Board of Immigration Appeals, (iv) regulations as to revocation of supervised release, (v) the Due Process Clause of the Fifth Amendment, and (vi) the Supreme Court's decision in *Zadvydas v Davis*, 533 US 678, 701 (2001). Id at 1–2, 8–15.

Prior order noted that it was unclear whether and the extent to which these issues may be foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. The Government was thus ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government to dismiss or, alternatively, for summary judgment. Dkt 5. It argues

that (i) Petitioner has failed to show that he has exhausted his administrative remedies by filing a request for release pursuant to 8 CFR §241.13(d), and (ii) his detention comports with due process and applicable regulations. Id at 3–4.

On reply, Petitioner argues that (i) exhaustion doesn't bar review of his constitutional claims, (ii) the Government has failed to show that he received due process, and (iii) remaining fact issues preclude summary judgment. Dkt 7 at 2–5.

For reasons stated below, the motion for summary judgment will be granted, and the petition for writ of *habeas corpus* will be denied.

*As to exhaustion,* the Government is correct that a petitioner proceeding under 8 USC §2241 must first exhaust all available administrative remedies. See Dkt 5 at 3. But as Petitioner notes, an exception to this requirement exists where the attempt to exhaust such remedies would be futile. Dkt 7 at 2, citing *McCarthy v Madigan*, 503 US 140, 146–49 (1992). And the Fifth Circuit has specifically recognized, "A failure to exhaust administrative remedies may be excused when the claimant advances a constitutional challenge unsuitable for determination in an administrative proceeding." *Garner v United States Department of Labor*, 221 F3d 822, 825 (5th Cir 2000).

Petitioner here argues that revocation of his prior release violates the Due Process Clause of the Fifth Amendment. See Dkt 1 at 11–12. The administrative process cited by the Government allows for Petitioner to request release on grounds that there is no significant likelihood that he will be removed in the reasonably foreseeable future. Dkt 5 at 3, citing 8 CFR §241.13(d). This review is unrelated to the initial revocation of release, and nothing suggests Petitioner could have raised such constitutional arguments as part of this process. Exhaustion will thus be excused, and decision will proceed on the merits.

*As to the merits,* Petitioner fails to demonstrate that his detention pending removal is unlawful.

*The first claim* asserts that re-detention wasn't authorized by §1231(a). Dkt 1 at 8–9. Petitioner specifically argues that a person released pursuant to §1231(a)(6) "shall be subject to the terms of supervision" described in §1231(a)(3) and contends use of the term "shall" prevents later re-detention. Id at 9. To the contrary, the cited language describes the conditions under which such person must be released *if* the Government chooses to do so. It doesn't preclude that person's later detention pending removal. And detention is otherwise authorized by §1231(a)(2)(A) and (6), which mandate detention during the removal period and allow the Government to detain a person beyond that period, subject to the *Zadvydas* framework discussed below.

*The second claim* argues that revocation of his prior order of supervision occurred without prior notice and an opportunity to be heard in asserted violation of the INA, applicable regulations, and the Fifth Amendment. Dkt 1 at 9–13. Response by the Government adequately addresses these procedural concerns. It states that Petitioner's release was revoked to effectuate his removal pursuant to 8 CFR §241.13(i)(2), while also attaching a record that indicates Petitioner was provided with notice of this reason and given an opportunity to respond, as required by §241.13(i)(3). Dkt 5-4 at 4; see also Dkt 5 at 4. Petitioner on reply contends that compliance with a regulation doesn't establish that revocation complied with due process. Dkt 7 at 3. But he points to no authority holding that due process requires protections beyond those provided to him. To the contrary, based on the evidence and arguments submitted by the parties, Petitioner's release was lawfully revoked, and no fact issue remains as to this question.

*The third claim* contends that his detention doesn't comport with the *Zadvydas* framework given that his removal is not significantly likely to occur in the reasonably foreseeable future. Dkt 1 at 13–15. But Petitioner states that he has been in detention since May

15, 2026. See Dkt 1 at 2. His detention is thus presumptively reasonable under *Zadvydas*, and "any challenge to his continued post-removal order detention is premature." See *Agyei-Kodie v Holder*, 418 F Appx 317, 318 (5th Cir 2011). Beyond this, the Government attached to its motion a declaration from Deportation Officer Robert Munoz stating that Petitioner "can be removed within 7 days of notice that he can be placed on a flight." Dkt 5-3 at 4. A separate filing also indicates an intention to remove Petitioner by June 26, 2026. See Dkt 8. It thus appears that removal is likely in the reasonably foreseeable future, and the *Zadvydas* framework doesn't render detention unlawful.

*Other claims* regarding work authorization and a stay of removal from the BIA both lack merit. The undersigned has already determined that prior grants of work authorization do not confer legal status. See *Herrera Naranjo v Uhls*, 2025 WL 3771447, *2 (SD Tex). And as to the purported administrative stay of removal, Petitioner hasn't produced an order from the BIA issuing such a stay. Nor does Petitioner establish that any stay as to *removal* bears on the legality of present *detention* under §1231(a) given the current length of detention.

Petitioner thus fails to demonstrate that his detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Wilber Bismark Oporta Chavarria is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

4

SO ORDERED.

Signed on June 24, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge